COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT WALTER JOHANNES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS NATIONAL BANK, a Foreign Entity; EQUIFAX INFORMATION SERVICES LLC, a Foreign Limited-Liability Company,<br><br>Defendants. | **COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Robert Walter Johannes (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendants as follows:

I. **PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney fees brought pursuant to the Fair Credit Report Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## II. JURISDICTION AND VENUE

### A. JURISDICTION OF THE COURT

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

### B. VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants do business within the area of the District of Nevada, are subject to the Court's personal jurisdiction and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

## III. PARTIES

4. Plaintiff is a natural person and resident of the State of Nevada.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Upon information and belief, Equifax Information Services, LLC (hereinafter "Equifax" or the "Credit Bureau") is a foreign entity licensed in the State of Georgia and authorized to do business in the State of Nevada.

7. Upon information and belief, Defendant Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and is in the business of furnishing credit reports.

8. Upon information and belief, American Express National Bank (hereinafter "AMEX" or "the Furnisher") is a foreign entity licensed in the State of Utah and authorized to do business in the State of Nevada.

9. Upon information and belief, AMEX is a furnisher of information under 15 U.S.C. § 1681s-2.

## IV. GENERAL ALLEGATIONS

10. Plaintiff obtained a credit card through AMEX (hereinafter the "AMEX Credit Card Debt").

11. Plaintiff settled the account with AMEX in February 2019 when he completed the payment arrangement.

12. AMEX continued to furnish information to the Credit Bureau that the AMEX Credit Card Debt account was in charge off status, when it should have reported as settled for less than full value.

13. Plaintiff pulled his credit report on September 3, 2020, and discovered the AMEX account continued to report as a charge off.

14. Plaintiff disputed the issue with the Credit Bureau on September 24, 2020.

15. The AMEX Credit Card Debt account continued to report as a charge off after that dispute.

16. AMEX furnished false information to the Credit Bureau.

17. The Credit Bureau and AMEX failed to conduct a thorough investigation into this dispute.

## V. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Against the Credit Bureau**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

18. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

19. The Credit Bureau violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files published and maintained by the Credit Bureau concerning Plaintiff.

20. As a result of this conduct, action and inaction of the Credit Bureau, Plaintiff suffered damage loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

21. The Credit Bureau's conduct, action and inaction was willful, rendering the Credit Bureau liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Credit Bureau was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

22. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF
### Against the Credit Bureau
### (Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)

23. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

24. The Credit Bureau violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to AMEX; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source the Credit Bureau had reason to know is unreliable.

25. As a result of this conduct, action and inaction of the Credit Bureau, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

26. The Credit Bureau's conduct, action and inaction was willful, rendering the Credit Bureau liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

27. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**THIRD CLAIM FOR RELIEF**
**Against the Furnisher**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

28. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

29. AMEX violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing the AMEX Credit Card Debt representation within Plaintiff's credit file with the Credit Bureau without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the AMEX Credit Card Debt representation; by failing to review all relevant information regarding same; by failing to accurately respond to the Credit Bureau; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the AMEX Credit Card Debt representations to the consumer reporting agencies.

30. As a result of this conduct, action and inaction of AMEX, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

31. AMEX's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

32. Plaintiff is entitled to recover costs and attorney fees from AMEX in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. Declaratory judgment that Defendants' conduct violated the FCRA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney fees; and
6. For such other and further relief as the Court may deem just and proper.

## VII. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 11th day of August, 2021.

COGBURN LAW

By: /s/Erik W. Fox
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*